EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: emilyrose@siegelyee.com

DEBORAH M. GOLDEN, *Pro Hac Vice Forthcoming*
GOLDEN LAW
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
Telephone: (202) 630-0332
Email: dgolden@debgoldenlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.N., | ) Case No. |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES AND JURY DEMAND** |
| vs. | ) |
| UNITED STATES OF AMERICA; [FIRST NAME UNKNOWN] LEWIS, in his individual capacity; FORREST SMITH, in his individual capacity; [FIRST NAME UNKNOWN] LOPEZ, in her individual capacity, | ) |
| Defendants. | ) |

## INTRODUCTION

1. Plaintiff M.N. served a sentence in the Bureau of Prisons and was housed at Federal Correctional Institution Dublin ("FCI Dublin"), known openly at the time as "the Rape Club," for over a year.

2. While housed at FCI Dublin, Plaintiff M.N. faced constant sexual harassment, culminating in multiple instances of sexual abuse.

3.      Other staff members at FCI Dublin, all the way up through Bureau of Prisons leadership, were aware of the culture of sexual abuse at FCI Dublin and did nothing to meaningfully respond or otherwise protect the people incarcerated there.

4.      As a result, Plaintiff M.N. suffers from long-lasting trauma.

## JURISDICTION AND VENUE

5.      An actual, present, and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a).

6.      This action involves claims arising under United States and California laws. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

7.      Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8.      Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff M.N. will list this case on the bi-monthly list that will be submitted to the Court to relate this case to those other cases.

## PARTIES

9.      Plaintiff M.N. was at all times relevant here incarcerated in FCI Dublin.

10.     Defendant United States of America Federal Bureau of Prisons ("BOP") is a governmental entity that operates and is in possession and control of the Federal Correctional Institution Dublin ("FCI Dublin"). FCI Dublin was a federal female low-security correctional institution.

11.     Defendant [First Name Unknown] Lewis was, at all times relevant hereto, a Correctional Officer at FCI Dublin. He is sued in his individual capacity.

12.     Defendant Forrest Smith was, at all times relevant hereto, a physician at FCI Dublin. He is sued in his individual capacity.

13.     Defendant [First Name Unknown] Lopez was, at all times relevant hereto, a Correctional Officer at FCI Dublin. She is sued in her individual capacity.

14. While acting and failing to act as alleged herein, Defendant United States had complete custody and total control of Plaintiff M.N. Plaintiff M.N. was dependent upon Defendant United States for her personal security and necessities.

15. In performing the acts and/or omissions contained herein, Defendants Lewis, Smith, and Lopez acted under color of federal law, and Plaintiff M.N. is informed and believes each acted maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate indifference to the rights and personal security of Plaintiff M.N. Defendant United States and its employees knew or should have known that their conduct, attitudes, actions, and omissions were, and are, a threat to Plaintiff M.N. and to her constitutionally and statutorily protected rights. Despite this knowledge, Defendant United States failed to take steps to protect Plaintiff M.N. and to ensure her rights to safety from sexual abuse.

**FACTS**

16. From approximately September 2022 through November 2023, Plaintiff M.N. was incarcerated at FCI Dublin.

17. During that time, Plaintiff M.N. became intimately familiar with why it was known as "the Rape Club".

18. She experienced sexual harassment and abuse from guards regularly and saw such abuse happening to other women at Dublin.

19. Plaintiff M.N. regularly saw how other prisoners would face retaliation for reporting sexual abuse or harassment, including loss of privileges, prolonged confinement in the SHU, or loss of good-time credit resulting in a longer BOP sentence.

20. On May 10, 2023, Plaintiff M.N. went for a routine pelvic exam. Following the pelvic exam, Defendant Smith inserted his fingers into her vagina after completing a Pap smear. He did not announce a medical reason for doing so, and Plaintiff M.N. had never experienced that during other routine pelvic exams.

21. It made her feel violated and uncomfortable.

22. Approximately five weeks later, Plaintiff M.N. required another pelvic exam, and Defendant Smith again performed the exam on Plaintiff M.N.

23.    He did not wear gloves during this exam, and he again inserted his fingers into Plaintiff M.N.'s vagina after the medical portion of the exam seemed complete.

24.    On both occasions during the abuse from Defendant Smith, Plaintiff M.N. asked him to stop, but he did not.

25.    On both occasions, Officer Wilson was present but did not intervene.

26.    On the second occasion, Officer Wilson placed his hand on Plaintiff M.N.'s inner thigh during the pelvic exam.

27.    In June 2023, Defendant Lewis entered Plaintiff M.N.'s cell while she was wearing a sports bra and underwear.

28.    Once he entered, she hurried to dress, but he ordered her to take her clothing off.

29.    Once she was naked, Defendant Lewis groped Plaintiff M.N.'s breasts and vagina, and digitally penetrated her vagina and anus.

30.    The same week, Plaintiff M.N. reported this abuse via a Prison Rape Elimination Act ("PREA") report she submitted, but there was no follow-up to this reporting.

31.    The report also did not stop Defendant Lewis.

32.    Later in summer 2023, Defendant Lewis walked in on Plaintiff M.N. as she showered and leered at her naked body for his own sexual gratification.

33.    Additionally, after Plaintiff M.N. reported Defendant Lewis, she would often return to her room after work and find it trashed with missing commissary and hygiene items.

34.    Further, her phone and email privileges were taken away for a few weeks without justification.

35.    The abuse did not stop there. In October 2023, Defendant Lopez entered Plaintiff M.N.'s cell, searched her, and whispered in her ear, asking if she wanted to have sex.

36.    Plaintiff M.N. froze and did not reply.

37.    As retaliation for her rejection, Defendant Lopez falsely reported Plaintiff M.N. for contraband and sent her to the Special Housing Unit ("SHU").

//

//

38. On several occasions, Defendant Lopez conducted invasive strip searches on Plaintiff M.N., during which she would force her to spread her labia open so that she could get very close and "inspect" her vagina.

39. During Plaintiff M.N.'s time in SHU, she was given only one meal a day.

40. She continued having to interact with Defendants Lewis, Smith, and Lopez, and was terrified every time.

41. Defendants Lewis', Smith's, and Lopez's conduct towards M.N. and others was overt and obvious.

42. Defendant United States knew, or should have known, that Defendants Lewis, Smith, and Lopez were sexually abusing M.N.

43. Plaintiff M.N. lived in fear of Defendants Lewis, Smith, and Lopez and experienced great anxiety, fear, shame, and embarrassment over what they did to her.

44. She never felt safe at FCI Dublin.

45. She has been able to see a therapist who has provided her with some help, but she is still navigating the anxiety, fear, shame, and embarrassment. She has also been diagnosed with PTSD and severe depression.

46. Plaintiff M.N. is in BOP custody with an expected release date of March 4, 2026.

## EXHAUSTION

47. On July 28, 2025, Plaintiff M.N., through counsel, mailed an administrative claim under the FTCA to the BOP's Western Regional Office.

48. The BOP acknowledged receipt on August 13, 2025.

49. The BOP has not substantively responded to her claim.

## EQUITABLE TOLLING

50. Plaintiff M.N. is entitled to equitable tolling for the abuse she suffered by Defendant Smith in her FTCA Claim received by the BOP on July 28, 2025.[1]

---

[1] Plaintiff M.N. timely filed her claim over the pattern of abuse she suffered at the hands of Defendant Lewis and Defendant Lopez.

51.    The FTCA's statute of limitations is subject to equitable tolling. *United States v. Wong*, 575 U.S. 402, 420 (2015).

52.    Equitable tolling applies when 1) a plaintiff pursued their rights diligently, and 2) extraordinary circumstances prevented timely filing. *Wong v. Beebe*, 732 F. 2d 1030, 1052 (9th Cir. 2013).

53.    Courts have long recognized that survivors of sexual abuse may be entitled to equitable tolling where trauma, fear, retaliation, and coercion prevented timely filing. *See* e.g., *Su v. United States*, No. 4:25-cv-00329-YGR (N.D. Cal. Sept. 3, 2025), ECF No. 24; *Stoll v. Runyon*, 165 F. 3d 1238, 1242 (9th Cir. 1999) (equitable tolling is appropriate where sexual abuse and post-traumatic stress disorder rendered the plaintiff unable to timely pursue a claim).

54.    Plaintiff M.N. clearly faced extraordinary circumstances, preventing the timely filing of her FTCA claim.

55.    Because Plaintiff M.N. remains incarcerated within the BOP, she continues to experience extraordinary circumstances preventing her from freely accessing the courts or safely pursuing her claims. As long as she remained under BOP custody and control, the threats, coercion, and fear of retaliation continued to silence her.

56.    A court-appointed Special Master confirmed that during the time of Plaintiff M.C.'s incarceration, FCI Dublin lacked a safe and consistent path for women to file sex abuse complaints, that women in custody were intimidated and forced to justify why they needed to complete sex abuse complaints in the first place, and that women who tried to report abuse were met with retaliation, including solitary confinement and wrongful disciplinary infractions, which extended their incarceration.[2]

57.    Plaintiff M.N. has diligently pursued her rights by initiating this claim as soon as she felt some level of safety.

---

[2] First Report of the Special Master Pursuant to the Court's Order of March 26, 2024, U.S Bureau of Prisons Federal Correctional Institution, Dublin, Submitted by Wendy Still, Special Master U.S. District Court Northern District Court of California, June 5, 2024.

58.     Plaintiff M.N. has further demonstrated that she faced extraordinary circumstances preventing her from filing within the ordinary FTCA statutory period.

59.     Defendants are not entitled to benefit from their own misconduct. Equitable tolling of Plaintiff M.N.'s statute of limitations prevents this very result. Without the equitable tolling of Plaintiff's statute of limitations, Defendants would be rewarded for the very intimidation, retaliation, and constitutional violations that prevented Plaintiff from asserting her claim within the statutory period.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### GENDER VIOLENCE
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 52.4)

60.     Plaintiff M.N. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

61.     Plaintiff M.N. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against the United States based on the conduct of its employees, Defendants Lewis, Smith, and Lopez.

62.     The United States is named as a defendant for the acts of these individual employees under the Federal Tort Claims Act.

63.     These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

64.     Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

65.     Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

66.     Defendants Lewis, Smith, and Lopez. discriminated against Plaintiff M.N. based on her gender when they repeatedly sexually abused her by physically subjecting her to sexual acts.

67.     By these acts, Defendants Lewis, Smith, and Lopez caused Plaintiff M.N. physical, mental, and emotional injuries as well as injury to her personal dignity.

**SECOND CLAIM FOR RELIEF**
**GENDER VIOLENCE**
**(against Defendants Lewis, Smith, and Lopez)**
**(Cal. Civ. Code § 52.4)**

68.     Plaintiff M.N. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

69.     Plaintiff M.N. brings this claim for gender violence under California Civil Code § 52.4 against Defendants Lewis, Smith, and Lopez.

70.     These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

71.     Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

72.     Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

73.     Plaintiff M.N. has a nonfrivolous argument that Defendants Lewis, Smith, and Lopez bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

74.     Defendants Lewis, Smith, and Lopez. discriminated against Plaintiff M.N. based on her gender when they repeatedly sexually abused her by physically subjecting her to sexual acts.

75.     By these acts, Defendants Lewis, Smith, and Lopez. caused Plaintiff M.N. physical, mental, and emotional injuries as well as injury to her personal dignity.

**THIRD CLAIM FOR RELIEF**
**SEXUAL ASSAULT**
**(against Defendant United States)**
**(FTCA; California Common Law)**

76.     Plaintiff M.N. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

77.     Plaintiff M.N. brings this claim for sexual assault under the Federal Tort Claims Act for violation of California common law against the United States based on the conduct of its employees, Defendants Lewis, Smith, and Lopez.

78. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

79. Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

80. Defendants Lewis, Smith, and Lopez violated Plaintiff M.N.'s right to be free from sexual assault by repeatedly sexually abusing her while she was incarcerated.

81. Defendants Lewis', Smith's, and Lopez's sexual abuse of Plaintiff M.N. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

82. Defendants Lewis, Smith, and Lopez subjected Plaintiff M.N. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff M.N.'s person.

83. By intentionally subjecting Plaintiff M.N. to sexual acts, Defendants Lewis, Smith, and Lopez acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

84. By repeatedly subjecting Plaintiff M.N. to sexual acts, Defendants Lewis, Smith, and Lopez caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

**FOURTH CLAIM FOR RELIEF**
**SEXUAL ASSAULT**
**(against Defendants Lewis, Smith, and Lopez)**
**(California Common Law)**

85. Plaintiff M.N. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

86. Plaintiff M.N. brings this claim for sexual assault for violation of her rights under California common law against Defendants Lewis, Smith, and Lopez.

87. Plaintiff M.N. has a nonfrivolous argument that Defendants Lewis, Smith, and Lopez bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

88. Defendants Lewis, Smith, and Lopez violated Plaintiff M.N.'s right to be free from sexual assault by repeatedly sexually abusing her while she was incarcerated.

89.    Defendants Lewis', Smith's, and Lopez's sexual abuse of Plaintiff M.N. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

90.    Defendants Lewis, Smith, and Lopez subjected Plaintiff M.N. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff M.N.'s person.

91.    By intentionally subjecting Plaintiff M.N. to sexual acts, Defendants Lewis, Smith, and Lopez acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

92.    By repeatedly subjecting Plaintiff M.N. to sexual acts, Defendants Lewis, Smith, and Lopez caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

### FIFTH CLAIM FOR RELIEF
### SEXUAL BATTERY
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 1708.5)

93.    Plaintiff M.N. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

94.    Plaintiff M.N. brings this claim for sexual battery under the Federal Tort Claims Act based on California Civil Code § 1708.5 against the United States for the conduct of its employees, Defendants Lewis, Smith, and Lopez.

95.    These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

96.    Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

97.    Defendants Lewis, Smith, and Lopez committed sexual battery against Plaintiff M.N. by repeatedly sexually abusing her while she was incarcerated as a minimum-security inmate at FCI Dublin.

98.    The sexual abuse of Plaintiff M.N., an inmate, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

*M.N. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 10

99.    Defendants Lewis, Smith, and Lopez subjected Plaintiff M.N. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff M.N.'s person.

### SIXTH CLAIM FOR RELIEF
### SEXUAL BATTERY
### (against Defendants Lewis, Smith, and Lopez)
### (Cal. Civ. Code § 1708.5)

100.    Plaintiff M.N. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

101.    Plaintiff M.N. brings this claim for sexual battery under California Civil Code § 1708.5 against Defendants Lewis, Smith, and Lopez.

102.    Plaintiff M.N. has a nonfrivolous argument that Defendants Lewis, Smith, and Lopez bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

103.    Defendants Lewis, Smith, and Lopez committed sexual battery against Plaintiff M.N. by repeatedly sexually abusing her while she was incarcerated as a minimum-security inmate at FCI Dublin.

104.    The sexual abuse of Plaintiff M.N., an inmate, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

105.    Defendants Lewis, Smith, and Lopez subjected Plaintiff M.N. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff M.N.'s person.

### SEVENTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against Defendant United States)
### (FTCA; California Common Law)

106.    Plaintiff M.N. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

107.    Plaintiff M.N. brings this claim under the Federal Tort Claims Act for the intentional infliction of emotional distress against the United States based on the conduct of Defendants Lewis, Smith, and Lopez.

108. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

109. Their positions as correctional officers were essential to his commission of tortious misconduct, which could not have occurred absent their federal employment.

110. Defendants Lewis, Smith, and Lopez engaged in outrageous conduct by repeatedly subjecting Plaintiff M.N. to sexual acts while she was incarcerated as an inmate in their employer's custody. They abused their authority over Plaintiff M.N. and their power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

111. Defendants Lewis, Smith, and Lopez's sexual abuse caused Plaintiff M.N. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

112. Defendants Lewis, Smith, and Lopez intended to cause Plaintiff M.N. this emotional distress because they knew that emotional distress was likely to result from their sexual abuse of an inmate.

**EIGHTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendants Lewis, Smith, and Lopez)**
**(California Common Law)**

113. Plaintiff M.N. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

114. Plaintiff M.N. brings this claim for the intentional infliction of emotional distress against Defendants Lewis, Smith, and Lopez.

115. Plaintiff M.N. has a nonfrivolous argument that Defendants Lewis, Smith, and Lopez bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

116. Defendants Lewis, Smith, and Lopez engaged in outrageous conduct by repeatedly subjecting Plaintiff M.N. to sexual acts while she was incarcerated as an inmate in their employer's custody. They abused their authority over Plaintiff M.N. and their power to affect her

in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

117. Defendants Lewis', Smith's, and Lopez's sexual abuse caused Plaintiff M.N. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

118. Defendants Lewis, Smith, and Lopez intended to cause Plaintiff M.N. this emotional distress because they knew that emotional distress was likely to result from their sexual abuse of an inmate.

**NINTH CLAIM FOR RELIEF**
**BANE ACT**
**(against all defendants)**
**(FTCA; Cal. Civ. Code § 52.1)**

119. Plaintiff M.N. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

120. Plaintiff M.N. was in the custody and control of the United States during all relevant times.

121. Defendants Lewis, Smith, and Lopez violated Plaintiff M.N.'s rights to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; her right under the First Amendment to be free from retaliation for engaging in protected conduct such as reporting sexual abuse; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

122. Plaintiff M.N. has a nonfrivolous argument that Defendants Lewis, Smith, and Lopez bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

123. Defendant United States, by the actions of its employees Defendants Lewis, Smith, and Lopez, interfered with Plaintiff M.N.'s right to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be

free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; her right under the First Amendment to be free from retaliation for engaging in protected conduct such as reporting sexual abuse; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

124.    As a proximate result of these acts, Plaintiff M.N. sustained damage and injury.

**TENTH CLAIM FOR RELIEF**
**TRAFFICKING VICTIMS PROTECTION ACT**
**(against all defendants)**
**(18 U.S.C. § 1581, *et seq.*)**

125.    Plaintiff M.N. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

126.    Plaintiff M.N. has a nonfrivolous argument that Defendants Lewis, Smith, and Lopez bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

127.    Defendants Lewis, Smith, and Lopez knowingly recruited, enticed, and solicited Plaintiff M.N. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

128.    Defendants Lewis, Smith, and Lopez made Plaintiff M.N. engage in sex acts through force and coercion.

129.    Defendant United States knew of, or should have reasonably known, that Defendants Lewis, Smith, and Lopez were soliciting Plaintiff M.N. in exchange for sex acts, and benefited by failing to protect Plaintiff M.N.

130.    This conduct has caused Plaintiff M.N. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm, and she has a claim for damages for such violations under 18 U.S.C. § 1591, 18 U.S.C. § 1595.

//
//
//

**ELEVENTH CLAIM FOR RELIEF**
**CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 52.5)**

131.    Plaintiff M.N. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

132.    Defendants Lewis, Smith, and Lopez knowingly recruited, enticed, and solicited Plaintiff M.N. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

133.    Defendants Lewis, Smith, and Lopez made Plaintiff M.N. engage in sex acts through force and coercion.

134.    Defendant United States knew or should have known that Defendants Lewis, Smith, and Lopez were engaged in these activities and intentionally placed Plaintiff M.N. at greater risk of harm and/or failed to act in a manner that protected Plaintiff M.N. from harm.

135.    Defendant United States employed Defendants Lewis, Smith, and Lopez, whose actions and/or inactions occurred while they were acting as federal employees under the color of law.

136.    This conduct has caused Plaintiff M.N. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

**TWELFTH CLAIM FOR RELIEF**
**CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT**
**(against Defendants Lewis, Smith, and Lopez)**
**(Cal. Civ. Code § 52.5)**

137.    Plaintiff M.N. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

138.    Plaintiff M.N. has a nonfrivolous argument that Defendants Lewis, Smith, and Lopez bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

139.    Defendants Lewis, Smith, and Lopez knowingly recruited, enticed, and solicited Plaintiff M.N. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

140.    Defendants Lewis, Smith, and Lopez made Plaintiff M.N. engage in sex acts through force and coercion.

141.    Defendant United States knew or should have known that Defendants Lewis, Smith, and Lopez. were engaged in these activities and intentionally placed Plaintiff M.N. in greater risk of harm and/or failed to act in a manner that protected Plaintiff M.N. from harm.

142.    This conduct has caused Plaintiff M.N. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

## PRAYER FOR RELIEF

143.    Plaintiff M.N. prays for judgment against Defendant, and each of them, as follows:

(a)    An award of damages, including compensatory, special, punitive, and nominal damages, to Plaintiff M.N. in an amount to be determined at trial;

(b)    An award to Plaintiff M.N. of the costs of this suit and reasonable attorneys' fees and litigation expenses, including expert witness fees; and

(c)    For such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff M.N. hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: March 9, 2026

SIEGEL, YEE, BRUNNER & MEHTA

By:_____
        EmilyRose Johns

GOLDEN LAW

By: /s/ *Deborah M. Golden*
        Deborah M. Golden

DC Bar # 470-578
Motion for *pro hac vice* forthcoming

*Attorneys for Plaintiff*

*M.N. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 16